```
 1 | TARA K. MCGRATH
   | United States Attorney
 2 | CALEN A. BENNETT
   | Assistant United States Attorney
 3 | California State Bar No. 340211
   | United States Attorney's Office
 4 | 880 Front Street, Room 6293
   | San Diego, California 92101-8893
 5 | Telephone: (619) 546-9619
   | Calen.Bennett@usdoj.gov
 6 |
 7 | Attorneys for Plaintiff
   | United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24cr1845-BTM |
| Plaintiff, | 24MJ3097 |
| v. | **PLEA AGREEMENT** |
| DONGSHENG CHEN, aka Dongshen Chen, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and Calen A. Bennett, Assistant United States Attorney, and defendant DONGSHENG CHEN, with the advice and consent of Charles Adair, counsel for defendant, as follows:

//
//
//
//
//
//

CABE:kot:9/4/24

Def. Initials D.C.

# I

# THE PLEA

A. THE CHARGE

Defendant agrees to plead guilty to Count 1 of a two-Count Information charging defendant with:

On or about August 11, 2024, within the Southern District of California, defendant DONGSHENG CHEN, aka Dongshen Chen, knowing that an offense against the United States had been committed, to wit, Improper Entry by an Alien under 8 U.S.C. § 1325, did receive, relieve, comfort, and assist the offender, Shangli Shang, in order to hinder and prevent the offender's apprehension, trial, and punishment, in violation of Title 18, United States Code, Section 3, a misdemeanor.

B. PARTIES AGREEMENT AS TO FILINGS AND DISPOSITION OF EVIDENCE

In return for the concessions made by the Government herein, defendant agrees further as follows:

1. Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12 and shall not file any motion or appeal as to bond in any Court more than 28 calendar days after the initial appearance in this matter unless defendant has entered a guilty plea in open Court; and,

2. Notwithstanding any preservation order(s) entered by the court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

   a. Any cellular device(s); and

   b. Any vehicle(s).

3. Defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

C. FORFEITURE

Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which defendant agrees are subject to forfeiture to the United States pursuant to 8 U.S.C. § 1324(b). Defendant further waives defendant's right to

receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

D.  DISMISSAL OF THE REMAINING COUNTS

The Government agrees to (1) move to dismiss the remaining counts without prejudice when defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charge(s) unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

E.  NO PROSECUTION ON THE MANDATORY MINIMUM COUNT

In exchange for defendant's guilty plea and provided defendant complies fully with all terms of this plea agreement, the Government agrees not to charge defendant with additional counts in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), which carries a mandatory minimum sentence.

II

**NATURE OF THE OFFENSE**

A.  ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. The crime of Improper Entry by an Alien, a violation of 8 U.S.C. § 1325, had been committed by an individual;

2. The defendant knew that this crime had been committed and that the individual had committed it;

3

Def. Initials D.L.
24CR

3. The defendant thereafter intentionally received, relieved, comforted, or assisted the individual in order to hinder and prevent that person's apprehension, trial, or punishment for the crime of Improper Entry by an Alien.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On August 11, 2024, defendant DONGSHENG CHEN was a driver of a vehicle. Defendant was apprehended near the westbound Interstate 8 United States Border Patrol Checkpoint near Pine Valley, California.

2. Shangli Shang was in the vehicle and was not a citizen or national of the United States. Shangli Shang is a citizen of China.

3. Defendant knew that Shangli Shang had just completed the crime of Improper Entry by an Alien, in violation of 8 U.S.C. § 1325.

4. On August 11, 2024, defendant intentionally assisted one non-citizen without legal status in order to hinder and prevent their apprehension for the crime of Improper Entry by an Alien.

### III

### PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A. A maximum 3 months in prison;

B. A maximum $2,500.00 fine;

C. A mandatory special assessment of $10.00 per count.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that, because defendant is not a citizen of the United States, defendant's conviction in this case may have adverse immigration consequences, including defendant's removal or deportation from the United States. Defendant also may be denied United States citizenship and admission to the United States in the future.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

Def. Initials D.C.
24CR

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands that the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Additionally, the parties

6

Def. Initials  DC
24CR

agree that, because the offense to which defendant is pleading guilty is a Class B misdemeanor, the United States Sentencing Guidelines do not apply.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

The United States Sentencing Guidelines do not apply to a Class B Misdemeanor.

B. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

7

Def. Initials D.C.
24CR

C.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties jointly recommend that defendant be sentenced to one year of probation.

The parties further agree and recommend **immediate sentencing** upon specific findings by the Court that there is information in the record sufficient to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553 without a presentence investigation report. Defendant understands further that the sentence cannot be determined until a rap sheet is prepared by the Government. **Defendant agrees to request that a rap sheet be prepared.** The Court's failure to follow this recommendation does not constitute a basis to withdraw the guilty plea.

D.   SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $10.00 per count of conviction, to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant

Def. Initials  D.C.
24CR

appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### **BREACH OF THE PLEA AGREEMENT**

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a Court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    A.    Failing to plead guilty pursuant to this agreement;

    B.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

    C.    Failing to appear in Court;

    D.    Attempting to withdraw the plea;

    E.    Failing to abide by any Court order related to this case;

    F.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

    G.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

//

//

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the

Def. Initials _D.C_
24CR

Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

**CONTENTS AND MODIFICATION OF AGREEMENT**

Def. Initials *D.L.*
24CR

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## XV

Def. Initials D.C.

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

TARA K. McGRATH
United States Attorney

DATED 9/5/2024

CALEN A. BENNETT
Assistant U.S. Attorney

DATED 9/5/2024

CHARLES ADAIR
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

DATED 9/5/2024

DONGSHENG CHEN
Defendant

Rev. 1/19/2024 cek